# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EL RINCONCITO MEXICAN GRILL, LLC. and FLIPSIDE CHRISTIAN CHURCH,<br><br>　　　　Defendants. | Case No. 1:24-cv-01457-JLT-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**<br><br>(Docs. 1, 4, 5)<br><br>**14 DAY DEADLINE** |

## I.  INTRODUCTION

On November 27, 2024, Plaintiff Jose Escobedo ("Plaintiff") filed his complaint against Defendants El Rinconcito Mexican Grill, LLC and Flipside Christian Church ("Defendants"), alleging claims under the Americans with Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"), and California's Health and Safety Code. (Doc. 1). These claims stem from alleged barriers Plaintiff encountered (such as lack of designated accessible parking spots and uneven paths of travel) while he visited "El Rinconcito Mexican Grill," a facility owned, operated, or leased by Defendants. (*See id.*)

On December 3, 2024, the undersigned ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over his state law claims considering the Ninth Circuit's decision in *Vo v. Choi*. (*See* Doc. 4); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (affirming

a district court's decision to decline supplemental jurisdiction over an Unruh Act claim); *see* 28 U.S.C. § 1367(c). Plaintiff timely filed a response on December 17, 2024. (Doc. 5.) For the reasons discussed below, the undersigned shall discharge the order to show cause and recommend that supplemental jurisdiction over Plaintiff's state law claims be declined and those claims be dismissed without prejudice.

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1367(a), a court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Ninth Circuit has concluded that ADA and Unruh Act claims that derive from a common nucleus of operative fact "form part of the 'same case or controversy' for purposes of § 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021).

However, even where supplemental jurisdiction over a claim exists under § 1367(a), the Court may decline jurisdiction over the claim under § 1367(c) if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).

A court deciding whether to apply § 1367(c)(4) must make "a two-part inquiry." *Arroyo*, 19 F.4th at 1210. "First, the district court must articulate why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)." *Id.* (citations and internal quotation marks omitted). "Second, in determining whether there are compelling reasons for declining jurisdiction in a given case, the court should consider what best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine articulated in [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)]." *Id.* (citations and internal quotation marks omitted).

After considering § 1367(c)(4) and California's requirements for bringing Unruh Act claims, "[n]umerous federal district courts across California have declined to exercise supplemental jurisdiction over Unruh Act . . . claims brought alongside ADA claims." *Rutherford v. Nuway Ins. Agency Inc.*, No. SACV 21-00576-CJC-JDE, 2021 WL 4572008, at *1 (C.D. Cal. Apr. 1, 2021). Underlying these decisions is "the recent confluence of several California-law rules [that] have combined to create a highly unusual systemic impact on ADA-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity." *Arroyo*, 19 F.4th at 1211.

Congress adopted the ADA to address the discrimination encountered by persons with disabilities, providing a private cause of action to seek injunctive, but not monetary, relief. *See Arroyo v. Rosas*, 19 F.4th 1202, 1205 (9th Cir. 2021) (discussing background and relief available under the ADA). The Unruh Act likewise prohibits disability discrimination, containing a provision, Cal. Civ. Code § 51(f), stating that a violation of the ADA also violates the Unruh Act. However, unlike the ADA, the Unruh Act allows a plaintiff to recover "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars." Cal. Civ. Code § 52(a).

In response to perceived abuses of the Unruh Act, California has enacted requirements for bringing such claims, which the Ninth Circuit has assumed, without deciding, "apply only in California state court." *Vo*, 49 F.4th at 1170. For example a provision was added (1) regarding the contents of demand letters, Cal. Civ. Code § 55.31; (2) imposing heightened pleading requirements, Cal. Civ. Code § 425.50(a); and (3) requiring an additional filing fee of $1,000 for so called "high-frequency litigants," Cal. Gov't Code § 70616.5(b), *see* Cal. Civ. Code § 425.55(b) (defining a high-frequency litigant to include "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.").

These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). The requirements apply to claims brought

3

under the Unruh Act as well as to related claims under the California Health & Safety Code. *See Gilbert v. Singh*, No. 1:21cv1338-AWI-HBK, 2023 WL 2239335, *2 (E.D. Cal. Feb. 27, 2023). By enacting such restrictions, California has expressed a "desire to limit the financial burdens California's businesses may face from claims for statutory damages under the Unruh Act." *Arroyo*, 19 F.4th at 1209 (internal quotations omitted). However, "Unruh Act plaintiffs have evaded these limits by filing in a federal forum in which [they] can claim these state law damages in a manner inconsistent with the state law's requirements." *Arroyo*, 19 F.4th at 1213 (internal quotation marks omitted). Consequently, "the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded." *Id.*

The Ninth Circuit provided substantial guidance on this issue in *Vo v. Choi* in affirming a district court's order denying supplemental jurisdiction over an Unruh Act claim under § 1367(c)(4). *Vo*, 49 F.4th at 1168. In that case, the district court declined supplemental jurisdiction over the Unruh Act claim after giving the plaintiff the opportunity to respond and before addressing the merits of the case. *Id.* at 1168-69. The Ninth Circuit held that the district court sufficiently explained why the circumstances of the case were exceptional under § 1367(c)(4), agreeing with the district court that "it would not be 'fair' to defendants and 'an affront to the comity between federal and state courts' to allow plaintiffs to evade California's procedural requirements by bringing their claims in federal court." *Id.* at 1171. The Court also affirmed the district court's finding that the balance of the *Gibbs* values—economy, convenience, fairness, and comity—provided compelling reasons to decline supplemental jurisdiction, stating that "the district court [properly] analyzed Vo's situation under the *Gibbs* values and determined that the values of fairness and comity favored not retaining jurisdiction over the claim." *Id.* at 1172. Accordingly, "[g]iven these very real concerns, in addition to the deferential standard of review, [the Ninth Circuit saw] no reason to hold that the district court abused its discretion in determining there were compelling reasons to decline jurisdiction over the Unruh Act claim." *Id.*

### III. ANALYSIS

The Court begins with the first part of the two-step inquiry under § 1367(c)(4)—whether the circumstances here are exceptional. *Vo*, 49 F.4th at 1171.

1      As discussed above, California has enacted various requirements that apply to claims
2 alleging a construction-related accessibility violation. If the Court were to exercise jurisdiction over
3 Plaintiff's state law claims, Plaintiff would be permitted to avoid these requirements. *See Arroyo*,
4 19 F.4th at 1213 (noting that potential evasion of California's requirements met exceptional-
5 circumstances prong of § 1367(c)(4)). Further, such evasion would undermine California's policy
6 interests in enforcing its requirements—providing monetary relief but limiting burdens on small
7 businesses and disincentivizing plaintiffs' attorneys from obtaining "monetary settlements at the
8 expense of forward-looking relief that might benefit the general public." *Id.* Plaintiff offers no
9 argument for why such circumstances should not be deemed exceptional, and there is "little doubt
10 that the first prong [under § 1367(c)(4)] is satisfied here." *Vo*, 49 F.4th at 1171. *See also Garcia v.*
11 *Maciel*, No. 21-CV-03743-JCS, 2022 WL 395316, at *2 (N.D. Cal. Feb. 9, 2022) (collecting cases).

12      Turning to the second part of the inquiry—whether there are other compelling reasons for
13 declining jurisdiction—the Court considers the *Gibbs* values of economy, convenience, fairness,
14 and comity. *Vo*, 49 F.4th at 1171. Importantly, this case is an early stage of the litigation—none of
15 the defendants have appeared in this case—and thus, the merits of Plaintiff's claims have not yet
16 been addressed. *See Arroyo*, 19 F.4th at 1214 (noting that the *Gibbs* values did not support declining
17 supplemental jurisdiction where the case was at a "very late stage"). This is not a case "where it
18 makes no sense to decline jurisdiction . . . over a pendent state law claim that that court has
19 effectively already decided." *Id.* Notably, Plaintiff makes no argument that the stage of this case
20 warrants exercising jurisdiction.

21      Moreover, considering the above discussion of California's requirements for Unruh Act
22 claims, it would not be fair, nor would comity be served, by allowing Plaintiff's state law claims to
23 proceed without the state court being able to enforce its policy interests as reflected in its various
24 procedural requirements. *Id.* at 1213 (noting "comity-based concerns that California's policy
25 objectives in this area were being wholly thwarted" by plaintiffs being able to bring Unruh Act
26 claims in federal court). Plaintiff concedes in his response to the show cause order that he would
27 be considered a high-frequency litigant and would otherwise have to meet certain California
28

requirements, such as paying the $1,000 filing fee in state court.[1] (Doc. 5 at 2 ("Plaintiff acknowledges that he would be considered a high-frequency litigant under California law as he filed more than ten construction-related accessibility claims in the twelve months preceding the filing of the instant action.").)

Plaintiff contends that requiring him to bring a second action in state court "would be duplicative and would only increase the ultimate burden on the subject businesses, as Plaintiff would be entitled to seek recovery of the additional attorney's fees and costs spent bringing the second action." (Doc. 5 at 3.) As an initial matter, this argument assumes that Plaintiff will be successful in this action. Even accepting such an assumption, the fact that the litigation could prove duplicative or increase costs does not, in light of the other considerations, warrant retaining jurisdiction. As one court has concluded, "if plaintiff legitimately seeks to litigate this action in a single forum, plaintiff may dismiss this action and refile it in a state court in accordance with the requirements California has imposed on such actions." *Garibay v. Rodriguez*, No. CV 18-9187 PA (AFMX), 2019 WL 5204294, at *6 (C.D. Cal. Aug. 27, 2019). Moreover, it is California's prerogative to impose a heightened filing fee for high-frequency litigants to curb abuses of the Unruh Act at the risk of the fee being ultimately paid by defendants. It would undermine comity and fairness were Plaintiff permitted to proceed with his state law claims considering California's policy concerns.

Accordingly, considering the two-step inquiry under § 1367(c)(4), the undersigned concludes that this case presents "exceptional circumstances" such that "there are other compelling reasons for declining [supplemental] jurisdiction" over Plaintiff's state law claims.

## IV. ORDER AND RECOMMENDATIONS

The Court's order to show cause (Doc. 4) is hereby DISCHARGED. For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Pursuant to 28 U.S.C. § 1367(c)(4) and *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022), the Court DECLINE to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and Plaintiff's Cal. Health & Safety Code § 19955 and § 19959 claims; and

---

[1] While the Court acknowledges Plaintiff's concession, it need not determine whether he is in fact a high-frequency litigant. *Vo*, 49 F.4th at 1174 (noting that court was not required to determine whether the plaintiff was in fact a high-frequency litigant).

2. Plaintiff's Unruh Act and Cal. Health & Safety Code § 19955 and § 19959 claims be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(4).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 18, 2024**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE