# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EL RINCONCITO MEXICAN GRILL., et al.,<br><br>　　　　　Defendants. | Case No. 1:24-cv-01457-JLT-SKO<br><br>**ORDER VACATING HEARING, DENYING DEFENDANT'S MOTION TO STAY, GRANTING PLAINTIFF'S MOTION TO COMPEL, AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>(Docs. 36 & 38) |

Pending before the Court is Defendant Flipside Christian Church ("Defendant Flipside")'s "Motion to Stay Discovery Pending Determination of Plaintiff's Standing and Subject Matter Jurisdiction" ("Motion to Stay") filed June 6, 2025 (Doc. 36), and Plaintiff Jose Escobedo ("Plaintiff")'s "Motion to Compel Site Inspection and for Sanctions" ("Motion to Compel" and "Motion for Sanctions"), filed June 11, 2025 (Doc. 38). Plaintiff Jose Escobedo ("Plaintiff") filed his response in opposition to the Motion to Stay on June 20, 2025. (Doc. 42.) The parties filed their "Joint Statement re Discovery Dispute" setting forth their respective positions on their discovery dispute pursuant to Eastern District of California Local Rule 251 on July 2, 2025 (Doc. 45).

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. *See* E.D. Cal. Local Rule 230(g). Accordingly, the hearing set for July 16, 2025, will be vacated. For the reasons set forth below, the Motion to Stay will be denied, the Motion to Compel will be granted, and the Motion for Sanctions will be denied without prejudice.

## I.   BACKGROUND

Plaintiff, who alleges he is disabled with a limited ability to walk, initiated this Americans with Disabilities Act ("ADA") suit on November 27, 2024, against Defendants who "own, operate, and/or lease" "El Rinconcito Mexican Grill" (the "Subject Property").[1] (Doc. 1.) Plaintiff claims that while he was a patron at the Subject Property, he encountered certain barriers, such as lack of designated accessible parking spots and uneven paths of travel. (*See id*.)

Plaintiff served a demand on Defendant Flipside, the property owner/landlord, for inspection of the Subject Property on February 25, 2025, with the inspection to take place on April 29, 2025.[2] (Doc. 45 at 3; Doc. 45-1 at 2–4.) Defendant Flipside objected to the inspection demand (Doc. 45 at 3; Doc. 45-1 at 6–7), and on April 28, 2025, filed a request for "administrative relief to stay discovery" pending Defendant Flipside's anticipated motion to dismiss. (Doc. 26.) The Court granted Defendant Flipside's request for a stay on April 29, 2025 (the morning of the inspection), observing:

> As it does not appear the parties have held a Rule 26(f) conference, and in the absence of any stipulation or court order, no discovery may be sought. Fed. R. Civ. P. 26(d); *see also Zappia v. World Sav. Bank FSB*, No. 14CV1428-WQH (DHB), 2015 WL 1608921, at *3 (S.D. Cal. Apr. 10, 2015). Accordingly, the request for a stay is GRANTED. Even if a Rule 26(f) conference was conducted, the reasons offered by Flipside Church for the requested administrative relief provide good cause to stay this demanded discovery until any disputes can be resolved and the tenant defendant, who is in default, can be served with notice of the inspection.

(Doc. 27.) Plaintiff thereafter re-noticed an inspection for the Subject Property for June 6, 2025. (Doc. 45 at 4; Doc 45-1 at 10–13.)

On May 21, 2025, Defendant Flipside moved to dismiss Plaintiff's First Amended Complaint, the operative pleading, on the grounds that Plaintiff's ADA claim is moot and/or he lacks standing. (Doc. 32.) That motion is fully briefed and has been taken under submission by the assigned district judge. (*See* Doc. 46.)

On June 6, 2025, the day of the re-noticed site inspection, Defendant Flipside filed the

---

[1] Plaintiff's state law claims were dismissed without prejudice on January 6, 2025. (*See* Doc. 9 (adopting Findings and Recommendations (Doc. 6).)
[2] The demand for site inspection was not served on Defendant El Rinconcito Mexican Grill LLC, the business operator/tenant, because it was, and remains, in default. (*See* Doc. 45 at 5 (citing Doc. 11) (entry of default); *see also* Doc. 45-1 at 2–4.)

2

present Motion to Stay. (Doc. 36.) In response, on June 11, 2025, Plaintiff filed the present Motion to Compel and Motion for Sanctions. (Doc. 38.)

The parties held a conference under Fed. R. Civ. P. 26(f) on June 27, 2025.[3] (Doc. 45 at 9–10.) The Scheduling Conference, which was continued "in light of the pending motion(s)," is currently set for January 22, 2026. (*See* Doc. 33.)

## II.  DISCUSSION

Defendant Flipside seeks a stay of discovery pending resolution of its motion to dismiss.[4] (Doc. 36.) Plaintiff seeks to compel a site inspection of the Subject Property notwithstanding the pending motion to dismiss.[5] (Doc. 38; *see also* Doc. 45.)

A party may request an order that stays discovery "pending the resolution of a potentially dispositive motion such as a motion to dismiss." *Mlejnecky v. Olympus Imaging America, Inc.*, No. 2:10-cv-02630, 2011 WL 489743, at *5 (E.D. Cal. Feb. 7, 2011). The Federal Rules of Civil Procedure do not provide for "automatic" or "blanket" stays of discovery in the face of potentially dispositive motions. *Id*. But district courts may nonetheless exercise "wide discretion in controlling discovery." *Id*. (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). In exercising this discretion, courts have granted stays of discovery pending the resolution of a potentially dispositive motion when the movant satisfies both prongs of a two-part test. *Id*. at *6 (collecting cases).

First, the pending motion "must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." *Mlejnecky*, 2011 WL 489743, at *6

---

[3] Participation in a Rule 26(f) conference is a prerequisite to the conducting of general discovery. Fed. R. Civ. P. 26(d)(1).

[4] Although Defendant Flipside's motion purports to request a stay of all discovery, the arguments make clear that the focus of the motion is Plaintiff's efforts to inspect the Subject Property. (*See* Doc. 36-1 at 3–5.) Thus, for the purposes of this motion, the Court considers the propriety of a stay of such site inspection.

[5] Plaintiff also moves for sanctions in the amount of attorney's fees incurred (*see* Doc. 38), but the parties do not include any discussion of such sanctions in the Joint Statement. In the absence of any argument specifically directed to the sanctions issue, the Court shall deny Plaintiff's Motion for Sanctions without prejudice. *See Patriot Rail Corp. v. Sierra R.R. Co*., No. 2:09-CV-0009-TLN-AC, 2013 WL 4010272, at *3 (E.D. Cal. Aug. 5, 2013) (denying motion to compel without prejudice due to the parties' failure to comply with Local Rule 251, noting that "the Rule requires that the parties parse their arguments into a specific and detailed statement of the disputes in the joint statement."). *See also U.S. ex rel. Englund v. Los Angeles Cty*., No. CIVS04-0282 LKK JFM, 2006 WL 1490641, at *1 (E.D. Cal. May 26, 2006) (declining to decide motions to compel that were not included in the parties' joint statements filed pursuant to Local Rule).

Defendant Flipside contends that its motion to dismiss "could dispose of the case entirely." Doc. 36-1 at 3. The Court agrees. Defendant Flipside moves to dismiss Plaintiff's ADA claim on mootness and Article III standing grounds, and thus the motion is potentially dispositive of the entire suit. *See Calvary Chapel San Jose v. Cody*, No. 20-CV-03794-BLF, 2021 WL 5353883, at *2 (N.D. Cal. Nov. 12, 2021) ("[I]t is especially true" that a motion to dismiss for lack of jurisdiction and mootness is "potentially dispositive of the entire case.").

Second, "the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Mlejnecky*, 2011 WL489743, at *6. It is uncontroverted that Defendant Flipside has relied on information outside the complaint in its motion to dismiss, namely, the declaration and inspection report of the Subject Property prepared by their CASp inspector, Kelly Bray. (*See* Doc. 32-1 at 6–7; Doc. 32-2.) Plaintiff contends, persuasively, that he needs to conduct his own inspection of the Subject Property to corroborate Defendant Flipside's claim of mootness based on Mr. Bray's testimony and report. (Doc. 42 at 2–3.) It would be inequitable to allow Defendant Flipside to rely on its own CASp report as evidence of ADA compliance while simultaneously preventing Plaintiff from verifying the same. Because Defendant Flipside's motion to dismiss cannot be decided absent Plaintiff having an opportunity to conduct a site inspection of the Subject Property (both internal and external),[6] such discovery should proceed. *See Church of Scientology of San Francisco v. Internal Revenue Service*, 991 F.2d 560, 563 (9th Cir.1993), *vacated in part on other grounds*, 30 F.3d 101 (9th Cir. 1994) (Denying a motion to stay is "particularly appropriate if a stay of discovery could preclude either party from fully preparing for the pending dispositive motion.").

Defendant Flipside does not dispute that an inspection of the Subject Property is relevant and would be undertaken in the normal course of discovery, *see* Doc. 45 at 10. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). Instead, Defendant Flipside contends that because a decision on its motion to dismiss will occur "soon" following a hearing on July 17, 2025, Plaintiff "will not suffer

---

[6] Plaintiff was previously only able to inspect the exterior of the Subject Property due to the Court's order granting Defendant's Flipside's administrative request for a stay entered the morning of the inspection. (*See* Doc. 45 at 6. *See also* Doc. 35 at 2–3.)

4

any prejudice for waiting" for the decision before conducting the inspection. (Doc. 45 at 10.) But the July 17, 2025, hearing has been vacated, and, as the presiding district judge recently advised, due to "the ongoing judicial resource emergency in this District, approximately 100 regular civil motions remain under submission before the undersigned. As a result, it is likely to be six **or more** months until the motion(s) in this matter is resolved." (Doc. 46 (emphasis in original). *See also* Doc. 33 (continuing the Scheduling Conference "in light of the pending motion(s)" until January 22, 2026).) Given the unfortunate yet unavoidable delay in the adjudication of Defendant Flipside's motion to dismiss, coupled with Plaintiff's need for relevant discovery to address such motion, the Court finds that Defendant Flipside has not met its burden of showing that Plaintiff's inspection of the Subject Property should not proceed. *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (the party opposing a motion to compel "has the burden of showing that discovery should not be allowed") (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

### III.     CONCLUSION AND ORDER

For the reasons set forth above, Defendant Flipside Christian Church's Motion to Stay (Doc. 36) is DENIED (and the previously entered stay (Doc. 27) is LIFTED); Plaintiff's Motion to Compel (Doc. 38) is GRANTED; and the Motion for Sanctions (Doc. 38) is DENIED WITHOUT PREJUDICE.

The parties SHALL meet and confer and identify a mutually agreeable date and time for conducting a site inspection of the Subject Property **to occur within ten (10) days of this Order**, and Plaintiff SHALL re-notice the inspection and serve same on all defendants (including Defendant El Rinconcito Mexican Grill, LLC, which is in default (*see* Doc. 11)).

The hearing set for July 16, 2025, is VACATED.

IT IS SO ORDERED.

Dated:  **July 7, 2025**                         /s/ *Sheila K. Oberto*
                                                                      UNITED STATES MAGISTRATE JUDGE

5