# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>                    Plaintiff,<br><br>         v.<br><br>EL RINCONCITO MEXICAN GRILL, LLC, et al.,<br><br>                    Defendants.       / | Case No. 1:24-cv-01457-JLT-SKO<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND CLARIFICATION**<br><br>(Doc. 50) |

Pending before the Court is Defendant Flipside Christian Church ("Defendant Flipside")'s "Motion for Reconsideration and Clarification of Court's Discovery Order Dated 7/7/25," filed July 15, 2025. (Doc. 50.) Defendant Flipside seeks "clarification" of the Court's July 7, 2025, order denying its motion to stay and granting Plaintiff Jose Escobedo ("Plaintiff")'s motion to compel a site inspection of the Subject Property (Doc. 48), and "requests the court to limit the plaintiff's inspection of the [Subject Property] verifying whether the specific allegations of the ADA in the First Amended Complaint, rather than permitting a wholesale site inspection of the entire premises." (Doc. 50 at 2.)

"Under [Fed. R. Civ. P.] 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). Further, under this Court's Local Rules, any request to reconsider must explain "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other

grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

The Court's July 7, 2025, order is clear: Fed. R. Civ. P. 26(b)(1) entitles Plaintiff to conduct a site inspection of the Subject Property, without limitation, and Defendant Flipside "did not meet its burden of showing that Plaintiff's inspection . . . should not proceed." (Doc. 48 at 4–5.) No clarification is therefore necessary, and Defendant Flipside has further failed to articulate any of the three bases necessary to succeed on a motion for reconsideration.

First, Defendant has not shown that the Court committed clear error. Defendant Flipside's arguments, which were raised previously (*compare* Doc. 36-1 at 3–4 *and* Doc. 45 at 10–11 *with* Doc. 50 at 3–5), amount to a disagreement with the Court's order, which is insufficient to demonstrate that the Court committed clear error. *See Andrews v. Indus.*, No. 2:14-CV-02154-KJM-AC, 2017 WL 117899, at *2 (E.D. Cal. Jan. 11, 2017) ("'A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . .' of that which was already considered by the Court in rendering its decision.") (quoting *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001)).

Second, Defendant Flipside has not shown there is an intervening change in controlling law. Instead, it objects on grounds of burden and inefficiency. (*See, e.g.,* Doc. 50 at 2 (limiting the site inspection is "warranted to prevent unnecessary expansion of the litigation, ensure judicial efficiency, and avoid undue burden on the defendant, particularly in light of the plaintiff's demonstrated history of amending the complaint to add new claims, which has already prolonged the case.").) These arguments fail to articulate an intervening change in controlling law. In fact, the controlling law militates toward permitting Plaintiff to conduct a site inspection to identify existing barriers at the Subject Property in the interest of efficiency. *See, e.g., Sellers v. Wong*, No. 2:20-CV-01787 WBS AC, 2022 WL 118410, at *1 (E.D. Cal. Jan. 12, 2022) (observing re-inspection of the property to amend the complaint "may actually serve to help both sides litigate the actual barriers which may exist at the property, rather than litigating barriers that no longer exist and later having to litigate the ones that have been newly added, which will 'eliminate [ ] piecemeal litigation.'") (quoting *Chapman v. Pier 1 Imports (U.S) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011)).

1    Finally, Defendant Flipside has not provided any newly discovered evidence. As noted above, its arguments consist of a disagreement with the Court's ruling. This is inadequate to warrant relief pursuant to a motion for reconsideration. *See Andrews*, 2017 WL 117899, at *2; *see, e.g.*, *Mothershed v. Elwell*, 235 Fed. Appx. 683 (9th Cir. 2007) (finding the district court did not err in denying motions for reconsideration where the movant "contended only that he disagree[d] with the district court's interpretation of the law, and failed to show an intervening change in the controlling law or newly discovered evidence.").

In sum, Defendant Flipside fails to demonstrate "highly unusual circumstances" warranting reconsideration of the Court's July 7, 2025, order denying its motion to stay and granting Plaintiff's motion to compel a site inspection of the Subject Property. *See 389 Orange St. Partners*, 179 F.3d at 665. Accordingly, because clarification is not necessary and Defendant Flipside has not demonstrated the existence of clear error nor otherwise shown it meets the standard for reconsideration, the "Motion for Reconsideration and Clarification of Court's Discovery Order Dated 7/7/25" (Doc. 50) is hereby DENIED.

IT IS SO ORDERED.

Dated:   **July 16, 2025**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

3