**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>          Plaintiff,<br><br>v.<br><br>EL RINCONCITO MEXICAN GRILL, LLC, et al.,<br><br>          Defendants. | Case No. 1:24-cv-01457 JLT SKO<br><br>ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION<br><br>(Doc. 32) |

Jose Escobedo asserts claims under the Americans with Disabilities Act related to barriers he encountered at a restaurant in Madera, California.  The defendants move to dismiss the action for lack of jurisdiction and for failure to state a claim.  (Doc. 32.)  Escobedo's allegations do not show he has standing, so the Court cannot adjudicate his claims as they are currently presented. The motion is therefore **GRANTED** with leave to amend.

### ALLEGATIONS

Escobedo has trouble moving his joints without pain as a result of rheumatoid arthritis. (Doc. 22 at 2.)  He uses a cane to get around, and in his words, he "walks slowly." (*Id.* at 3.)  His joint pain and a finger amputation also limit his dexterity.  (*Id.* at 2.)

According to his complaint, Escobedo went to the El Rinconcito Mexican Grill in Madera for lunch in July 2024. (*Id.*)  He says he could not find an accessible parking space when he

1

arrived. (*Id.* at 3.) He needs a "clear and level space to get and get out of his vehicle using his cane," so he parked some distance away from the restaurant's front door, away from other cars. (*Id.*) He describes the pavement on the parking lot as "cracked and uneven," and he says this "made it difficult" for him to walk to the front door without losing his balance. (*Id.*) He later came to believe that an accessible spaces was actually available. (*Id.*) He thinks he did not notice it because it was not clearly marked. (*Id.*)

Be that as it may, when Escobedo got to the restaurant's front door, he found it was "heavy" and "closed too quickly." (*Id.*) This made it difficult for him to open and walk through in time. (*Id.*) Inside the restaurant, he alleges there was no accessible seating. (*Id.* at 4.) This was a problem because "although he does not use a wheelchair regularly, it is difficult for him to move his legs and feet around" beneath a table if it has a base. (*Id.*) The base can cause "pain or discomfort" in his legs. (*Id.*) He also found the men's room door difficult to use because he could not easily pinch and twist the "locking mechanism." (*Id.* at 3.) Finally, he alleges the grab bars around the toilet, the toilet seat cover dispenser, the toilet paper dispenser, and the soap and paper towel dispensers were all too high, too far away, or obstructed. (*Id.*) He is unsure whether there are "other barriers" in the restaurant, and he intends to amend his complaint if he discovers any. (*Id.* at 4.)

Escobedo filed this lawsuit in November 2024, asserting claims against both the restaurant and the property owner (Flipside Christian Church) under the Americans with Disabilities Act and California law. (Doc. 1.) The Court declined to exercise supplemental jurisdiction over his state law claims and dismissed those claims without prejudice to refiling in state court. (Docs. 6, 9.) The restaurant and church now move to dismiss his ADA claim for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). (Doc. 32.) They argue Escobedo lacks standing, they contend that his claims are moot because they removed the barriers he encountered, and they contend that his allegations do not support his ADA claims in any event. Escobedo opposes the motion (Doc. 35), and briefing is complete (*See* Doc. 39.) The Court took the motion under submission without a hearing. (Doc. 46.)

///

**JURISDICTION**

The Court begins, as it must, with the jurisdictional motion.  A federal court has discretion to "address jurisdictional issues in any order" it chooses.  *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 4 (2023).  In this case it is better to start with standing.

The church and restaurant note at the outset of their motion that Escobedo has filed many similar lawsuits in the past.  (*See, e.g.*, Docs. 32-1 at 2; 32-2 at 2, 8–13.)  The Ninth Circuit has held that "a plaintiff's motive for visiting a place of public accommodations is 'irrelevant to the question of standing.'"  *Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir. 2023) (citing *Civil Rights Educ. & Enf. Ctr.*, 867 F.3d at 1101).  Plaintiffs need not be "bona fide" customers, in other words.  *Id.*  They can have standing even if they are "testers," "professional" plaintiffs, or "serial" litigators.  *Id.* at 1093–94.  Filings in other lawsuits may very well be relevant, such as when they show that one person has claimed to have been in many places at the same time, *see, e.g.*, *Langer*, 57 F.4th at 1097, but the defendants do not contend that this is such a case.

The next question is whether the defendants' motion raises a "facial" or "factual" challenge.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted).  A facial challenge "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction."  *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks and citation omitted).  The Court presumes the plaintiff's factual allegations are true "and draw all reasonable inferences in his favor."  *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).  "By contrast, a factual attack contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings."  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (emphasis, quotation marks, and citations omitted).

Richard Wright, a parishioner and the church's financial advisor, believes Escobedo is mistaken in his allegation that the men's room could not be locked without a difficult pinching and twisting motion.  (Doc. 32-4 at 2.)  In a declaration attached to the defendants' motion to dismiss, Wright attests under penalty of perjury that the property has always had a "lever" on the men's restroom door.  (*Id.*)  The church's access consultant also submitted a declaration, which

3

attaches photos of the door handle in question. (Doc. 32-3 at 16.) He confirms that it could be opened and locked without any twisting or pinching. (*Id.*) The portion of the defendants' motion related to the restroom door is a therefore "factual" challenge.

Escobedo does not offer evidence contradicting Wright's or the consultant's declarations, and he does not contend that the pictured lever would require a pinching or twisting motion that would be difficult for him to execute as a result of his disability. He does argue, however, that it would be inappropriate to decide now whether any of his allegations are true or correct. (*See* Doc. 35 at 4–5.) He urges the Court not to consider any "extrinsic evidence" whatsoever. (*Id.* at 4.)

In general, when a motion includes a factual attack on the court's jurisdiction, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The court need not presume the truthfulness of the plaintiff's allegations." *Id.* If a defendant brings a factual motion and submits "affidavits or other evidence," then the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

If this process reveals a genuine dispute of fact, and if that dispute is "intertwined" with the merits, then it is "inappropriate" to resolve it under Rule 12. *Id.* at 1039–40 (quoting *Sun Valley Gas., inc. v, Ernst Enters.*, 711 F.2d 138, 139 (9th Cir. 1983)). Jurisdictional and merits questions are intertwined if "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* at 1039 (quoting *Sun Valley*, 711 F.2d at 139). A dismissal is an option only if the disputed federal claim is "insubstantial and frivolous" or "appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction." *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

In ADA cases, the presence of a "physical barrier" is usually both a jurisdictional and merits question. *See, e.g.*, *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176–76, 1178–79 (9th Cir. 2021); *Johnson v. Reimal Fam. Ltd. P'ship*, No. 20-01192, 2021 WL 428631, at *3 (N.D.

4

Cal. Feb. 8, 2021). District courts have generally declined to dismiss ADA claims for lack of subject matter jurisdiction if there are genuine disputes about whether a physical barrier remains. *See Johnson*, 2021 WL 428631, at *3 (collecting authority). If there is no factual dispute, however, then there is no reason for a court to stay its hand. *See id.* at *3–5 (dismissing an ADA claim for lack of jurisdiction when the facts were not "meaningfully in dispute"); *Brooke v. Patel*, No. 20-0101, 2022 WL 209737, at *6 (E.D. Cal. Jan. 24, 2022) (dismissing claims about an inaccessible concierge desk in a hotel lobby because the undisputed evidence showed that there was no concierge desk in the lobby).

There is no dispute about the men's room door in this case. The declarations by Wright and the church's consultant are the only relevant evidence. Escobedo does not stand by his contrary allegations about the men's room door. He did not submit a declaration. By all accounts, his allegation was simply incorrect. The defendants have accordingly demonstrated that Escobedo lacks standing to assert an ADA claim about the restroom door. The motion to dismiss that portion of his ADA claim is granted.

The remainder of the defendants' standing arguments proceed from the assumption that Escobedo's allegations are true. They challenge his standing on the face of his complaint. His standing to assert the balance of his ADA claim thus depends on whether he suffered an injury in fact that was caused by the defendants and that a favorable outcome would redress, assuming his allegations are true. *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992).

The Ninth Circuit reviewed in detail how this test is applied to ADA claims in *Langer v. Kiser*, 57 F.4th 1085. First, a plaintiff "must have actual knowledge of an access barrier or ADA violation." *Id.* at 1094 (9th Cir. 2023) (citing *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002)). "But the plaintiff need not personally encounter the barrier or physically visit the place of public accommodation." *Id.* (citing *Civil Rights Educ. and Enf. Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093 (9th Cir. 2017)). "And . . . an ADA plaintiff has standing to sue for all barriers, even ones that surface later during discovery, as long as those barriers relate to the plaintiff's specific disability." *Id.* (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008) and *Chapman v. Pier 1 (U.S.) Imports Inc.*, 631 F.3d 939, 950–53 (9th Cir. 2011) (en

banc)).  Second, "because private plaintiffs are limited to injunctive relief under Title III, encountering an ADA violation in the past at a place of public accommodation is not enough." *Id.* (citing *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)).  "Instead, a plaintiff must establish a sufficient future injury by alleging that they are either currently deterred from visiting the place of public accommodation because of a barrier, or that they were previously deterred and that they intend to return to the place of public accommodation, where they are likely to reencounter the barrier." *Id.* (citing *Chapman*, 631 F.3d at 944).

In *Langer*, the plaintiff used a wheelchair, and he needed van-accessible parking spaces with an access aisle on the passenger's side.  *Id.* at 1090.  He had standing because he "physically went to a store near his home, saw that there was a lack of accessible parking in violation of the ADA, and spent time taking 52 photos to document the violations."  *Id.* at 1199.  He also established that he was "deterred from patronizing the [defendant's business] because of this inaccessibility, and that he intend[ed] to return as a customer once the store provides accessible parking."  *Id.*; *see also Whitaker*, 985 F.3d at 1179 ("Whitaker's complaint alleges that he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability—inaccessible service counters—and that the barrier deters him from returning.  These allegations are sufficient to establish injury-in-fact for purposes of standing.").

The Circuit's en banc opinion in *Chapman* offers a contrasting example.  *See* 631 F.3d at 954.  The plaintiff in that case did not have standing because he had simply listed suspected ADA violations.  *See id.*  He did not connect "the alleged violations to [his] disability" or say "whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment" of the defendant's store.  *Id.*

Escobedo did not simply list suspected ADA violations in his complaint.  He alleges that he needs a clear and level space to get out of his car after he parks and could not find one when he visited the restaurant.  He alleges it was difficult for him to walk across the cracked and uneven parking lot from the more distant parking space he found.  He alleges it was difficult for him to pull and open the front door and difficult to get through before it closed.  He alleges he could not

find a table without a base, which made it difficult for him to sit without pain or discomfort. He alleges the men's room was difficult for him to use as a result of the misplaced or obstructed grab bars and restroom amenities. These allegations show he has suffered an "injury" at this stage of the case. They connect all of the alleged barriers to his allegations about his joint pain, cane use, and limited dexterity.

Regardless of any barriers in the parking lot or restaurant, however, the restaurant and church argue Escobedo does not have standing to pursue an ADA claim because his complaint does not show that he will return. (Doc. 32-1 at 12.) As summarized above, there are two ways Escobedo could have standing to obtain relief under the ADA. First, he could allege that he encountered a "noncompliant accommodation" in the past and has an "intent to return." *Chapman*, 631 F.3d at 949. Second, he could allege that "he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Id.* Escobedo relies on a deterrence theory. (*See* Docs. 22 at 4–5 ("Plaintiff was, and continues to be, deterred from visiting the Facility . . . . Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed."); 35 at 9 ("Plaintiff has alleged that he lives in the vicinity of the Facility, that he enjoys the goods and services offered at the Facility, that he will return when the Facility is made accessible to him, and that until then he is deterred from returning.").)

Federal district courts within the Ninth Circuit have explained in several persuasive orders what plaintiffs must allege (and later prove) to show that barriers deter them from visiting a public accommodation. *See, e.g.*, *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1341–43 (E.D. Cal. 2020) *Strojnik v. Pasadena Robles Acquisition, LLC*, No. 19-2067, 2019 WL 13436317, at *4 (C.D. Cal. Aug. 14, 2019), *aff'd*, 801 F. App'x 569 (9th Cir. 2020); *Gastelum v. Canyon Hosp. LLC*, No. 17-02792, 2018 WL 2388047, at *6–9 (D. Ariz. May 25, 2018); *Vogel v. Salazar*, No. 14-00853, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014). A recurring theme in these decisions is the general rule of federal pleading, i.e., that a complaint must be more than "conjectural" or "hypothetical," *e.g.*, *Vogel*, 2014 WL 5427531, at *3, and must include more than a "formulaic recitation" of the relevant legal standard, *e.g.*, *Gastelum*,

7

2018 WL 2388047, at \*7 (quoting *Twombly*, 550 U.S. at 555).  A plaintiff cannot simply state that he is deterred and will return if a barrier is removed.  *See*, *e.g.*, *Strojnik*, 2021 WL 75693, at \*4; *Strojnik*, 436 F. Supp. 3d at 1342.

Escobedo relies on this type of formulaic recitation.  Aside from his allegation that he lives within fifteen miles of the restaurant, he offers only a boilerplate statement: he "enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed." (Doc. 22 at 5.)  His allegations are indistinguishable from the generalized professions of intent that the Supreme Court found wanting in *Lujan*.  *See* 504 U.S. at 564 ("[The] profession of an intent to return . . . is simply not enough.  Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the actual or imminent injury that our cases require." (other quotation marks and alterations omitted)).  They do not suffice to show Escobedo has standing to assert a claim under the ADA.

The result would likely be different if Escobedo could allege, for example, that the restaurant is in a convenient location, serves a favorite dish, or is on the way to another place he visits regularly, among a variety of other factual allegations that might support his generic allegation that he will return if the barriers in question are removed.  *See, e.g.*, *Doran*, 524 F.3d at 1040 (finding a plaintiff had standing based on similar allegations); *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1038 (9th Cir. 2008) (same); *Pickern*, 293 F.3d at 1135 (same).  The Court will accordingly permit Escobedo to file a second amended complaint if he chooses and can do so within the limits imposed by Federal Rule of Civil Procedure 11.

## CONCLUSION

The motion to dismiss (Doc. 32) is **GRANTED** with leave to amend.  Any second amended complaint must be filed within thirty days.

IT IS SO ORDERED.

Dated:    **May 8, 2026**

UNITED STATES DISTRICT JUDGE

8